IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARTIN TARIN FRANCO § | | |
| TDCJ-CID #0490569 § | | |
| v. § | | C.A. NO. C-13-069 |
| § | | |
| UNKNOWN AUTHORIZED PERSON § | | |

**OPINION DENYING PLAINTIFF'S MOTIONS TO
PROCEED *IN FORMA PAUPERIS* AND DISMISSING HIS COMPLAINT**

Plaintiff is a state inmate incarcerated at the W.F. Ramsey One Unit in Rosharon, Texas who filed this action pursuant to 42 U.S.C. § 1983 as well as Rule 60 of the Federal Rules of Civil Procedure. (D.E. 1). Plaintiff has filed two motions to proceed in forma pauperis. (D.E. 3, 16). For the foregoing reasons, plaintiff's motions are denied pursuant to the three strikes rule, and, in addition, this action is dismissed with prejudice as a successive habeas petition.[1]

## I. DISCUSSION

**A.  Plaintiff's Motions To Proceed In Forma Pauperis Should Be Denied Pursuant To The Three Strikes Rule.**

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act, including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g); Baños v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule provides an exception permitting prisoners who are

---

[1] The first pending motion was originally addressed with a memorandum and recommendation. (D.E. 10). However, since that time, plaintiff has consented to proceed before a magistrate judge, (D.E. 15), and this action was reassigned pursuant to Neals v. Norwood, 59 F.3d 530 (5th Cir. 1995). (D.E. 19).

under imminent danger of physical harm to proceed without prepayment of the filing fee. 28 U.S.C. § 1915(g); Baños, 144 F.3d at 884.

Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. See Franco v. Williams, et al., No. 4:02-CV-1171 (S.D. Tex. Apr. 5, 2002) (unpublished) (dismissing as frivolous and honoring sanctions imposed by other federal district courts in Texas); Franco v. TDCJ, No. 2:02-CV-168, 2002 WL 1371209 (N.D. Tex. June 24, 2002) (unpublished) (dismissing civil rights action as a three-strikes litigant with sanctions); Franco v. TDCJ, No. 4:05-CV-898 (S.D. Tex. June 7, 2005) (unpublished) (dismissing civil rights action pursuant to three-strikes bar); Franco v. Dretke, No. 4:06-CV-154 (S.D. Tex. Feb. 1, 2006) (unpublished) (dismissing civil rights action pursuant to three-strikes bar); Franco v. The Clerk, et al., No. 1:10-CV-975 (W.D. Tex. Jan. 31, 2011) (unpublished) (imposing $250 sanction); Franco v. Evans, et al., No. 3:12-CV-150 (S.D. Tex. June 1, 2012) (unpublished) (dismissing civil rights action pursuant to three-strikes bar); Franco v. TDCJ, No. 3:12-CV-97 (S.D. Tex. June 19, 2012) (unpublished) (dismissing civil rights action pursuant to three-strikes bar); Franco v. Director or Authorized Person of the TDCJ, No. 1:12-MC-935 (W.D. Tex. Nov. 27, 2012) (sanctioned for filing).[2] Plaintiff is now barred from filing a civil suit unless he is in imminent danger of physical injury.

---

[2] Plaintiff has filed numerous habeas petitions, as well, all which have been dismissed and for which he has been sanctioned. See Franco v. Cockrell, No. 4:02-CV-2184 (S.D. Tex. June 13, 2002) (unpublished) (denying motion to proceed in forma pauperis and dismissing for "previous abuses of the federal judicial system"); In re: Martin Franco, Jr., No. 04-51416 (5th Cir. Feb. 1, 2005) (unpublished) (habeas petition denied and warning regarding successive petitions and sanctions); Franco v. Bell, No. 4:10-CV-382 (S.D. Tex. Feb. 11, 2010) (unpublished) (habeas petition dismissed as abuse of writ and imposing $100 sanction); Franco v. Unknown Case Managers, et al., No. 1:10-CV-320 (W.D. Tex. Aug. 23, 2010) (unpublished) (imposing $250 sanction); In re: Martin Tarin Franco, No. 1:09-MC-508 (W.D. Tex. Mar. 11, 2010) (unpublished) (denying claim and barring plaintiff from filing further actions in district without prior approval); Franco v. Thaler, No. 3:12-CV-161 (S.D. Tex. June 13, 2012) (unpublished) (imposing sanctions on plaintiff and barring future actions unless conditions satisfied).

This Court must assess whether plaintiff is exposed to imminent danger of serious injury at the time that he filed his motion. Choyce v. Dominguez, 160 F.3d 1068, 1071 (5th Cir. 1998) (per curiam) (citing Baños, 144 F.3d at 884-85). To satisfy the imminent danger requirement of § 1915(g), the threat must be "real and proximate." Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citation omitted). In addition, the harm must be imminent or occurring at the time the complaint is filed, and the plaintiff must refer to a "genuine emergency" where "time is pressing." Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003) (per curiam) (citation omitted). Congress intended a safety valve to prevent impending harms, not those injuries which allegedly had already occurred. Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) (en banc). "A court may find that a complaint does not satisfy the 'imminent danger' exception if the complaint's 'claims of imminent danger are conclusory or ridiculous.'" Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (quoting Ciarpaglini, 352 F.3d at 331); accord Andrews v. Cervantes, 493 F.3d 1047, 1057 n.11 (9th Cir. 2007) (same).

In this action, plaintiff apparently seeks to challenge his underlying conviction pursuant to 28 U.S.C. § 1983 as well as Rule 60 of the Federal Rules of Civil Procedure. It is unclear what, exactly, his complaint alleges, but it references an equal protection violation. However, there is no indication that he is exposed to imminent danger of serious injury. Plaintiff has lost the privilege of proceeding in forma pauperis, and he has failed to allege that he is in imminent danger of physical harm at the time he filed the complaint. Accordingly, plaintiff's motions to proceed in forma pauperis, (D.E. 3, 16), are denied.

**B.      This Action Is Barred As A Successive Habeas Petition.**

The Fifth Circuit has explained that "Rule 60(b) motions seeking to amend or alter the judgment of a first habeas proceeding 'should be construed as successive habeas petitions.'" Hess v. Cockrell, 281 F.3d 212, 214 (5th Cir. 2002) (quoting Fierro v. Johnson, 197 F.3d 147, 151 (5th Cir. 1999)); Chase v. Epps, 74 F. App'x 339, 345 (5th Cir. 2003) (per curiam) (unpublished) ("A Rule 60(b) motion that purports to challenge the denial of a 28 U.S.C. § 2254 petition but actually attacks the underlying criminal conviction may be construed as a successive ... application.") (citations omitted).  Pursuant to § 2244(b)(3)(A), before a second or successive application is filed in a district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application.  This Court has no jurisdiction to consider claims in a habeas action that are "second or successive" unless authorized by the Fifth Circuit.  See Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003) ("'§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one'") (quoting United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam)).

However, in Gonzalez v. Crosby, 545 U.S. 524 (2005), the Supreme Court distinguished between Rule 60(b) motions that raise substantive claims attacking an underlying conviction and those that attack "some defect in the integrity of the federal habeas proceedings."  Id. at 532.  While the former may be considered successive petitions, the latter may not.  Id.  Nevertheless, the Court explained that a motion that "attacks the federal [habeas] court's previous resolution of a claim on the merits" would constitute a substantive claim rendering a Rule 60(b) motion a successive habeas petition, because "alleging that the court erred in denying habeas relief on the

4

merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of [Antiterrorism and Effective Death Penalty Act], entitled to habeas relief." Id. (emphasis in original).

Here, plaintiff indicates that he is filing a motion for reconsideration pursuant to Rule 60. (D.E. 1). In his motion, he appears to challenge the validity of his underlying conviction. Id. at 2. In addition, although he also alleges that his previous habeas petitions had been wrongfully denied in violation of the Equal Protection Clause, he does not explain the basis for these claims. Id. at 4-5.

To the extent plaintiff seeks to challenge his underlying conviction, his Rule 60 motion constitutes a successive habeas petition. He has not obtained authorization from the Fifth Circuit to permit this Court to consider his application. Accordingly, it is respectfully recommended that this action be dismissed. In the alternative, to the extent plaintiff challenges some defect in the integrity of his federal habeas proceedings, his allegations are vague and conclusory, if not entirely incoherent. Accordingly, plaintiff's motion is denied and this action is dismissed for failure to demonstrate any specific basis for granting relief. See Fed. R. Civ. P. 60(b).

## II. CONCLUSION

Plaintiff has lost the privilege of proceeding in forma pauperis, and he has failed to allege that he is in imminent danger of physical harm at the time he filed the complaint. Accordingly, plaintiff's motions to proceed in forma pauperis, (D.E. 3, 16), are denied. Additionally, this action is dismissed without prejudice. Moreover, plaintiff is permitted to move to reinstate the lawsuit, but only if the $350.00 filing fee is paid simultaneously with the motion to reinstate within thirty days of the date of dismissal. Finally, to the extent that this action seeks habeas

relief, this action is dismissed as a subsequent habeas petition or, in the alternative, for failure to specify any basis for relief.

ORDERED this 27th day of March 2013.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE