IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARTIN TARIN FRANCO | § | |
| TDCJ-CID #0490569 | § | |
| v. | § | C.A. NO. C-13-069 |
| | § | |
| UNKNOWN AUTHORIZED PERSON | § | |

**OPINION DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**

This is a pro se prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  Pending is Plaintiff's motion for injunctive relief.  (D.E. 5).[1]  For the reasons stated herein, Plaintiff's motion is denied.

## I.  BACKGROUND

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and he is currently incarcerated at the Ramsey One Unit in Rosharon, Texas.  He filed this complaint on March 4, 2013 in state court, alleging civil rights violations. (D.E. 1).

On March 4, 2013, Plaintiff also filed a motion for injunctive relief.  (D.E. 5). Specifically, he appears to seek to be transferred from state custody to federal custody.  Id. at 3. That same day, he also filed a motion to proceed in forma pauperis.  (D.E. 3).  On March 27, 2013, the motion to proceed in forma pauperis was denied and the complaint dismissed because plaintiff is a three-strikes litigant.

---

[1] This pending motion was originally addressed with a memorandum and recommendation.  (D.E. 18). However, since that time, Plaintiff has consented to proceed before a magistrate judge, (D.E. 15), and this action was reassigned pursuant to Neals v. Norwood, 59 F.3d 530 (5th Cir. 1995).  (D.E. 19).

## II.  DISCUSSION

**A.      Plaintiff Has Not Met The Standard For Injunctive Relief.**

To obtain a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, the applicant must first provide notice.  Fed. R. Civ. P. 65(a)(1) ("No preliminary injunction shall be issued without notice to the adverse party."); United States v. Holy Land Found. For Relief & Dev., 445 F.3d 771, 789 (5th Cir. 2006).  Next, the applicant must demonstrate: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest."  Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 285 (5th Cir. 1999) (per curiam) (citation omitted).  "The denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish *any one* of the four criteria."  Black Fire Fighters Ass'n v. City of Dallas, Tex., 905 F.2d 63, 65 (5th Cir. 1990) (emphasis in original).

Injunctive relief is an extraordinary remedy that requires the applicant to unequivocally show the need for its issuance.  See Valley v. Rapides Parish Sch. Bd., 118 F.3d 1047, 1050 (5th Cir. 1997).  The movant "has the burden of introducing sufficient evidence to justify the grant of a preliminary injunction."  PCI Transp., Inc. v. Fort Worth & W. R.R., 418 F.3d 535, 546 (5th Cir. 2005).

Here, Plaintiff has failed to come forward with evidence showing that he is entitled to a preliminary injunction.  First, it is far from clear whether his complaint will succeed given that an opinion was entered denying the motion to proceed *in forma pauperis* and dismissing his

complaint.  (D.E. 10).  Second, even if Plaintiff were to pay the $350 filing fee to reinstate his claim, he is not necessarily entitled to injunctive relief.  In particular, he has not shown that he will suffer an actual injury that is certain to occur.  See United States v. Emerson, 270 F.3d 203, 262 (5th Cir. 2003) ("[A] preliminary injunction will not be issued simply to prevent the possibility of some remote future injury.  *A presently existing actual threat must be shown.*  However, ... *a strong threat* of irreparable injury before trial is an adequate basis.") (emphases in original) (citation omitted).

Finally, Plaintiff supplies no reason to conclude that he satisfies the final two elements of the preliminary injunction inquiry.  Any injunction directed at state officials presumably causes some level of inconvenience for them and requires the expenditure of some amount of taxpayer funds, thus resulting in damage to Defendants and the public interest both.  See 18 U.S.C. § 3626(a)(2) (when considering a preliminary injunction, a "court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief"); see also Wilkerson v. Stalder, 329 F.3d 431, 436 (5th Cir. 2003) ("Prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order.") (citation omitted).  Plaintiff does not show that his threatened injury outweighs the former, or that the injunction will not cause the latter, and he therefore falls short of unequivocally demonstrating the need for the extraordinary remedy of a preliminary injunction.

### III.  CONCLUSION

Based on the foregoing reasons, Plaintiff's motion for injunctive relief, (D.E. 5), is denied.

Respectfully submitted this 27th day of March 2013.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE